UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHRISTINA WISWELL, §<br>Plaintiff §<br> §<br> §<br>VS. §<br> §   CASE NO. 1:19-cv-926<br> §<br>CAPITAL ONE BANK (USA), N.A., §<br>*and* §<br>MOSS LAW FIRM, P.C., §<br>Defendants §   **JURY TRIAL DEMANDED**<br> §<br> § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Christina Wiswell ("Wiswell") and files this, her Original Petition, complaining of DEFENDANTS Capital One Bank (USA), N.A. ("Capital One") and Moss Law Firm, P.C. ("Moss"), and for causes of action would respectfully show this Honorable Court the following:

### PARTIES

Plaintiff Christina Wiswell is a natural person and a resident of Hays County, Texas.

Defendant Capital One Bank (USA), N.A is foreign corporation domiciled which does or transacts business in Texas. Its principal address is 1680 Capital One Drive, McLean, VA 22102.

Defendant Capital One may be served with process via certified mail, through its registered agent, CORPORATION SERVICE COMPANY, 100 SHOCKOE SLIP, 2ND FLOOR, RICHMOND VA 23219.

Defendant, Moss Law Firm, P.C. ("Moss") is a Texas professional corporation that does or transacts business in Texas. Its principal address is 4010 82nd St., Suite 230, Lubbock, TX 79423.

Moss Law Firm, P.C. may be served with process via certified mail, through its registered agent, MICHAEL MOSS, 4010 82ND STREET, SUITE 230 LUBBOCK, TX 79423

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and pursuant to 15 U.S.C. 1692k(d).

2. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

5. Specifically, Plaintiff suffered a concrete informational injury, i.e. her lowered credit score, as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff.

6. Any person who comes in contact with the proscribed debt collection practices may bring a claim under certain sections of the FDCPA. See, e.g., *Herman v. National Enterprise Systems, Inc.,* 07-CV-337S (F) (W.D.N.Y. Sept. 10, 2008); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,* 2000 WL 1448635, at * 4 (S.D.N.Y. Sept. 28, 2000); *see*

*Montgomery v. Huntington Bank,* 346 F.3d 693, 696-97 (6th Cir. 2006) (non-consumer has standing to sue under §§ 1692(d), (e)); *Eley v. Evans,* 476 F.Supp.2d 531, 32-33 (E.D.Va. 2007) (non-consumer has standing to sue under §§ 1692(d), (e) & (f)).

7. At all times relevant to this claim, Capital One was a "debt collector" as that term is defined in the TDCA § 392.001(6).

8. At all times relevant to this claim, Moss was a "third party debt collector" as that term is defined in the TDCA § 392.001(7) and a "debt collector" as that term is defined in the FDCPA § 1692(a).

9. The claims in this lawsuit arose from Capital One's and Moss's attempts to collect a consumer debt, to wit, a Capital One credit card account, account number 414709879060****, in the approximate amount of $11,189.15, (the "alleged debt").

10. Wiswell did not incur the allege debt, as the underlying account was opened without her knowledge using her personal financial information.

11. On or about late 2017, Capital One charged off the alleged debt.

12. At multiple junctures in 2018, Wiswell disputed the alleged debt.

13. Because Capital One charged off the account, Wiswell's otherwise impeccable credit history was seriously damaged.

14. On or about August 2018, Capital One hired Moss, a debt collection law firm, to collect the alleged debt from Wiswell.

15. Moss knew, or should have known, that Wiswell had disputed the alleged debt with Capital One.

16. To add insult to injury, on December 4, 2018, Moss then filed a lawsuit against Wiswell to collect on the alleged debt from her, in a case captioned *Capital One Bank (USA)*

*N.A., Michael A Moss, Moss Law Firm, P.C. vs. Christina Wiswell*, Case No. 18-2739, in the 274th District Court, Hays County, Texas (the "debt collection lawsuit").

17. On or about February 27, 2019, Wiswell retained the undersigned attorney to defend herself against Capital One and Moss's illegal debt collection activities.

18. On or about February 27, 2019, the undersigned attorney entered a notice of appearance with the court on Wiswell's behalf via the E-File system, which served copies of the notice of appearance on both the court and on Moss.

19. Therefore, as of February 27, 2019, Moss knew or should have known that Wiswell was represented by an attorney.

20. Nonetheless, on at least five occasions after February 27, 2019, Moss continued to personally harass Wiswell despite the fact Wiswell was represented by counsel.

21. Specifically, Moss's process server called Wiswell twice, and left two orange tags at her gate while attempting to serve Wiswell with a copy of the debt collection lawsuit, then personally served Wiswell with the lawsuit.

22. Capital One has been falsely reporting to the credit bureaus for many months that Wiswell owes the alleged debt.

23. Due to Capital One's false representations to the credit bureaus, Wiswell's credit has been damaged.

24. At all times relevant to this Complaint, Moss was acting as Capital One's agent and Capital One is thus also vicariously liable for Moss's illegal collection activities under the common-law doctrine of *respondeat superior*.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE TEXAS DEBT COLLECTION ACT ("TDCA"),
TEX. FIN. CODE §392 *et seq*.**

25. Wiswell incorporates the preceding paragraphs as if set forth at length.

26. Capital One violated the TDCA §392.301(a)(3) by falsely communicating to Moss that Wiswell refused to pay the alleged debt, thereby causing Moss's collection letters and collection lawsuit against Wiswell.

27. Capital One violated and continues to violate the TDCA §§ 392.304(a)(8), (19) by falsely representing the character, amount, and status of the alleged debt to the credit bureaus.

28. Capital One and Moss both violated the TDCA §§ 392.304(a)(8), (19) by falsely representing the amount due and the legal status of the alleged debt in its pleadings as filed with the court in the collection lawsuit.

29. As a result of Capital One and Moss's violations of the TDCA, Wiswell is entitled to an order directing both Defendants to permanently cease collection activity on the alleged debt, pursuant to TDCA §392.403(a)(1); actual damages pursuant to TDCA § 403(a)(2); statutory damages of no less than $100.00 pursuant to the TDCA §392.403(e); and reasonable attorney fees pursuant to § 392.403(c).

**COUNT II**

**VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT ("TDTPA"),
TEX. BUS & COM § 17.46 *et seq.*** 

30. Wiswell incorporates the preceding paragraphs as if set forth at length.

31. Pursuant to the TDCA § 392.404, a violation of that statute is a deceptive trade practice under Tex. Bus. & Com. Code § 17.46 *et seq*, and is actionable under that subchapter.

32. Capital One and Moss's illegal debt collection activities, as described herein, constitute false, misleading, and deceptive business practices that are prohibited by the TDTPA §§ 17.46(b), 17.50(a)(1), and are unconscionable business practices prohibited by the TDTPA 17.50(a)(3).

33. As a result of Capital One and Moss's violations of the TDTPA, Wiswell is entitled to recover treble actual damages, injunctive relief, and attorney fees from the Defendants jointly or severally, pursuant to TDTPA §§ 17.50(b), (d).

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

34. Wiswell incorporates the preceding paragraphs as if set forth at length.

35. Moss violated the FDCPA § 1692f because Moss' debt collection practices, as described herein, are unfair means of collecting a debt.

36. Moss violated the FDCPA §§ 1692e(2)(A), e(10), because Moss falsely represented the amount due and the legal status of the alleged debt in its pleadings as filed with the court in the collection lawsuit.

37. As a result of Moss's violations of the FDCPA, Wiswell is entitled to actual damages according to proof, pursuant to FDCPA § 1692k(a)(1); statutory damages of $1,000.00 pursuant to the FDCPA § 1692k(a)(2); and reasonable attorney fees and court costs, pursuant to § 1692k(a)(3).

## COUNT IV

### UNREASONABLE DEBT COLLECTION PRACTICES

38. Wiswell incorporates the preceding paragraphs as if set forth at length.

39. Texas common law recognizes the right of its citizens, established at common law, to be free from unreasonable debt collection practices.

40. Capital One's and Moss's conduct, as described herein, constitutes unreasonable debt collection practices against Wiswell.

41. As a result of Defendants' unreasonable debt collection practices, Wiswell is entitled to actual damages according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christina Wiswell prays that this Court enter judgment against Defendants Capital One and Moss, as follows:

a. award Wiswell statutory damages of <u>no less than</u> $100.00, actual damages, and attorney fees and costs of court, per the TDCA § 392.403, as to both Defendants;

b. award Wiswell statutory damages of no less than $1,000.00, actual damages according to proof; and attorney fees and costs of court, per the FDCPA § 1692k, as to Moss;

c. award Wiswell treble actual damages, attorney fees, and costs of court, per the TDTPA § 17.50(b), as to both Defendants;

d. equitably apportion the liability for damages and attorney fees between Capital One and Moss under the principles of joint and several liability;

e. enter an order enjoining Capital One and Moss from engaging in any further collection activities on this alleged debt, the injunction being authorized by the TDCA §392.403 and TDTPA § 17.50(b);

**f.** enter an order directing Capital One to send requests to all credit bureaus to delete any and all tradelines Capital One is reporting regarding the alleged debt, the injunctive relief being authorized by TDCA § 392.403 and TDTPA § 17.50(b);

**g.** award Wiswell any other relief to which this Court may find her entitled in law or in equity.

Respectfully Submitted,

Zimmer & Associates
1108 Lavaca Street, Suite 110-187
Austin, Texas 78701
Telephone: (512) 434-0306
Facsimile: (310) 943-6954

<u>/s/ Robert Zimmer</u>
By:   Robert Zimmer
State Bar No. 24098662
zimmerlawTX@gmail.com

**ATTORNEY FOR PLAINTIFF,
CHRISTINA WISWELL**